NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2021[*]
Decided March 23, 2021

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2824

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 2:11-cr-20001-SLD |
| CORY L. LEE, *Defendant-Appellant*. | Sara Darrow, *Chief Judge*. |

**O R D E R**

Cory Lee, a 43-year-old federal inmate, sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his susceptibility to complications from COVID-19. The district court denied Lee's motion, concluding that he had not shown extraordinary and compelling reasons warranting his release under the statute. The court did not abuse its discretion in denying the motion, so we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In June 2020, Lee filed a pro se motion for compassionate release. He stated that unspecified "health issues" made him susceptible to severe complications from COVID-19, which he asserted was spreading rapidly through his prison. At the time, he was eight years into his 200-month sentence for possession of crack cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1).

Aided by recruited counsel, Lee amended his motion to allege that he was at risk of serious illness because he had already once recovered from an asymptomatic case of COVID-19 and could experience more severe symptoms if he were to catch it a second time. As support, Lee cited a *USA Today* article about the possibility of reinfection, quoting a doctor who said that some patients recovered from mild initial symptoms only to experience a recurrence of symptoms that were worse the second time. The risk of reinfection, Lee urged, presented an "extraordinary and compelling reason" for release under § 3582(c)(1)(A)(i).

The district court disagreed, and it denied Lee's motion. The mere threat of contracting COVID-19, without more, is not an extraordinary and compelling reason for release, the court reasoned, and Lee had not introduced any convincing evidence that his previous recovery from COVID-19 heightened his risk of severe illness if reinfected. Nor had he argued that he suffered from any other medical condition that placed him in greater danger than other prisoners.

On appeal, Lee maintains that his risk of reinfection did present an extraordinary and compelling reason for release. But the district court appropriately exercised its discretion when concluding that Lee had not shown such a reason. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). As the court explained, Lee was only in his early forties, had not identified any underlying medical conditions, plucked an anecdote from a *USA Today* article that otherwise described possible reinfection as a matter of conflicting medical opinion, and did not suggest that he faced an individualized risk endangering him more than any other inmate.

Lee also asserts for the first time that his release is warranted because he suffers from asthma, which, he says, has been found by the Centers for Disease Control and Prevention to heighten the risk of complications from the virus. But not only did he forfeit this argument by failing to raise it first in the district court, *see Gage v. Richardson*, 978 F.3d 522, 527 (7th Cir. 2020), the CDC also has not placed asthma on its list of conditions definitively shown to increase the risk of severe illness from COVID-19. *People at Increased Risk and Other People Who Need to Take Extra Precautions: People with*

*Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last updated Feb. 22, 2021).

    We have considered Lee's remaining arguments, and none has merit.

AFFIRMED